**FILED**
JAN 18 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLOC, INC., a Delaware corporation, BERRY FINANCE N.V., a Belgian corporation, and VÄLINGE INNOVATION AB, a Swedish corporation, <br><br> Plaintiffs, <br><br> v. <br><br> EMPIRE HOME SERVICES LLC, a Delaware Corporation, dba EMPIRE TODAY <br><br> Defendant. | **06C 0285** <br><br> JURY TRIAL DEMANDED <br><br> JUDGE LINDBERG <br><br> MAGISTRATE JUDGE ASHMAN |

## COMPLAINT FOR PATENT INFRINGEMENT

The Plaintiffs, Alloc, Inc. (herein "Alloc"), a Delaware corporation and Berry Finance N.V. (herein "Berry Finance"), Välinge Innovation, AB (herein "Välinge") by and through their attorneys, Baker & McKenzie hereby complain against the Defendants, EMPIRE HOME SERVICES LLC, Inc ("Empire"), stating as follows:

## THE PARTIES AND BACKGROUND

1. The Plaintiff Alloc is a Delaware corporation headquartered in Racine, Wisconsin. Alloc sells and distributes laminate flooring products in the United States, including in the State of Illinois, and including in this District. Alloc is a wholly owned subsidiary of Alloc AS.

2. The Plaintiff Berry is a Belgian corporation, headquartered in Waregem, Belgium.

3. The Plaintiff Välinge is a Swedish corporation, headquartered in Viken, Sweden.

4. Defendant Empire has a principal place of business at 333 Northwest Avenue, Northlake, Illinois 60164.

5. The Plaintiff Alloc manufactures flooring products in Racine, Wisconsin and sells its flooring products in the United States, including laminate flooring products which are designed and manufactured to be mechanically connected, *i.e.* they are designed so that they can be connected and installed without the use of glue.

6. Empire's laminate flooring is offered by Empire for sale and sold throughout the State of Illinois, and including in this District.

7. U.S. Pat. No. 6,516,579 ("the '579 patent") is assigned to Välinge, and rights there under are exclusively licensed for all applications within the subject matter of this action to Berry. Berry has exclusively sublicensed rights under the '579 patent to Alloc for all applications within the subject matter of this action, with the full right to the '579 patent and sue for damages by reason of infringement of the '579 patent. (A copy of the '579 patent is attached hereto as Exhibit A).

8. U.S. Pat. No. 5,706,621 ("the '621 patent") is assigned to Välinge, and rights there under are exclusively licensed for all applications within the subject matter of this action to Berry. Berry has exclusively sublicensed rights under the '621 patent to Alloc for all applications within the subject matter of this action, with the full right to the '621 patent and sue for damages by reason of infringement of the '579 patent. (A copy of the '621 patent is attached hereto as Exhibit B).

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1338 because this matter arises under the United States patent statutes for infringement of United States patents.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) and (b) and

§1391(b) and (c) because the Defendant Empire is subject to personal jurisdiction in this district and therefore resides in this District pursuant to 28 U.S.C. § 1391(c), based on the fact that its products are sold here.

## COUNT I
### (Infringement of U.S. Patent 6,516,579)

11. By distributing, marketing, offering for sale and selling its laminate flooring the Defendant Empire infringes at least claims 10, 13, 14, 15, 22, 23, 25, 26 and 27 of the '579 patent in violation of 35 U.S.C. Sec. 271(a).

12. The Plaintiffs have suffered and are continuing to suffer damages as a result of Empire's infringement of the '579 patent in violation of 35 U.S.C. § 271, and Plaintiffs are entitled to compensation as allowed to the full extent of the law, pursuant to 35 U.S.C. § 284.

13. By reason of the ongoing and continuous infringement by Empire of the '579 patent in violation of 35 U.S.C. § 271, the Plaintiffs are entitled to an entry of an injunction against Empire, preventing further infringement of Plaintiffs' patent rights, pursuant to 35 U.S.C. § 289.

## COUNT II
### (Infringement of U.S. Patent 5,706,621)

14. By distributing, marketing, offering for sale and selling laminate flooring the Defendant Empire infringes at least claim 21 of the '621 patent in violation of 35 U.S.C. Sec. 271(a).

15. The Plaintiffs have suffered and are continuing to suffer damages as a result of Empire's infringement of the '621 patent in violation of 35 U.S.C. § 271, and Plaintiffs are entitled to compensation as allowed to the full extent of the law, pursuant to 35 U.S.C. § 284.

16. By reason of the ongoing and continuous infringement by Empire of the '621

patent in violation of 35 U.S.C. § 271, the Plaintiffs are entitled to an entry of an injunction against Empire, preventing further infringement of Plaintiffs' patent rights, pursuant to 35 U.S.C. § 289.

## REQUEST FOR RELIEF

The Plaintiffs hereby request an entry of relief against the Defendants as follows:

(a) Entry of judgment that the Defendant Empire, by reason of the distribution, offer for sale, and sale of its laminate flooring in the United States, infringes the '579 patent in violation of 35 U.S.C. § 271.

(b) Awarding the Plaintiffs compensatory damages to the full extent permitted by 35 U.S.C. § 284, by reason of the infringement of the '579 patent by Empire.

(c) Entry of judgment that the Defendant Empire, by reason of the distribution, offer for sale, and sale of its laminate flooring in the United States, infringes the '621 patent in violation of 35 U.S.C. § 271.

(d) Awarding the Plaintiffs compensatory damages to the full extent permitted by 35 U.S.C. § 284, by reason of the infringement of the '621 patent by Empire.

(e) Entry of a permanent injunction against Defendant Empire, barring and enjoining further distribution, offer for sale or sale in the United States of the infringing product.

## DEMAND FOR JURY

Plaintiffs request that all issues triable by a jury be so tried in this case.

Dated: January 18, 2006

**BAKER & McKENZIE LLP**

*/s/ Daniel O'Roche*

David I. Roche
Daniel J. O'Connor
Attorneys for Plaintiffs

**BAKER & McKENZIE LLP**
130 E. Randolph Drive
Chicago, IL 60601
ph: (312) 861-8608
fax: (312) 698-2363